MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JESUS ABEL ULLOA CASTILLO,
*individually and on behalf of others similarly situated,*

*Plaintiff*,

-against-

JMR RESTAURANT CORP. (D/B/A RORY DOLAN'S RESTAURANT & BAR), RORY DOLAN, MARY FE, RUAIRI P DOLAN, MICHAEL BRENNAN, and JOSEPH CARTY,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Jesus Abel Ulloa Castillo ("Plaintiff Ulloa" or "Mr. Ulloa"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against JMR Restaurant Corp. (d/b/a Rory Dolan's Restaurant & Bar), ("Defendant Corporation"), Rory Dolan, Mary Fe, Ruairi P Dolan, Michael Brennan, and Joseph Carty, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Ulloa is a former employee of Defendants JMR Restaurant Corp. (d/b/a Rory Dolan's Restaurant & Bar), Rory Dolan, Mary Fe, Ruairi P Dolan, Michael Brennan, and Joseph Carty.

2.     Defendants own, operate, or control an American restaurant, located at 890 McLean Avenue, Yonkers, NY 10704 under the name "Rory Dolan's Restaurant & Bar".

3.     Upon information and belief, individual Defendants Rory Dolan, Mary Fe, Ruairi P Dolan, Michael Brennan, and Joseph Carty, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Ulloa was employed as a sous chef at the restaurant located at 890 McLean Avenue, Yonkers, NY 10704.

5.     At all times relevant to this Complaint, Plaintiff Ulloa worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Ulloa appropriately for any hours worked over 40 at  the additional overtime premium.

7.     Further, Defendants failed to pay Plaintiff Ulloa the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiff Ulloa wages on a timely basis.

9.     Defendants' conduct extended beyond Plaintiff Ulloa to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ulloa and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.    Plaintiff Ulloa now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Ulloa seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Ulloa's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American restaurant located in this district. Further, Plaintiff Ulloa was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.    Plaintiff Jesus Abel Ulloa Castillo ("Plaintiff Ulloa" or "Mr. Ulloa") is an adult individual residing in Queens County, New York.

16.   Plaintiff Ulloa was employed by Defendants at Rory Dolan's Restaurant & Bar from approximately 1998 until on or about August 10, 2018.

17.   Plaintiff Ulloa consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.   At all relevant times, Defendants own, operate, or control an American restaurant, located at 890 McLean Avenue, Yonkers, NY 10704 under the name "Rory Dolan's Restaurant & Bar".

19.   Upon information and belief, JMR Restaurant Corp. (d/b/a Rory Dolan's Restaurant & Bar) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 890 McLean Avenue, Yonkers, NY 10704.

20.   Defendant Rory Dolan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rory Dolan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Rory Dolan possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ulloa, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.   Defendant Mary Fe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mary Fe is sued individually in her

capacity as a manager of Defendant Corporation. Defendant Mary Fe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Ulloa, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Ruairi P Dolan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ruairi P Dolan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ruairi P Dolan possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ulloa, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Michael Brennan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Brennan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael Brennan possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ulloa, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Joseph Carty is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Carty is sued individually

in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joseph Carty possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ulloa, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

25.    Defendants operate an American restaurant located in the Woodlawn Heights neighborhood of Yonkers in Westchester.

26.    Individual Defendants, Rory Dolan, Mary Fe, Ruairi P Dolan, Michael Brennan, and Joseph Carty, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    Each Defendant possessed substantial control over Plaintiff Ulloa's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ulloa, and all similarly situated individuals, referred to herein.

29.    Defendants jointly employed Plaintiff Ulloa (and all similarly situated employees) and are Plaintiff Ulloa's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiff Ulloa and/or similarly situated individuals.

31.    Upon information and belief, Individual Defendants Rory Dolan, Ruairi P Dolan, Michael Brennan, and Joseph Carty operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)   transferring assets and debts freely as between all Defendants,

d)   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)   operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)   intermingling assets and debts of their own with Defendant Corporation,

g)   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiff Ulloa's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire

Plaintiff Ulloa, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Ulloa's services.

33.    In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.    Plaintiff Ulloa is a former employee of Defendants who was employed as a sous chef.

36.    Plaintiff Ulloa seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jesus Abel Ulloa Castillo*

37.    Plaintiff Ulloa was employed by Defendants from approximately 1998 until on or about August 10, 2018.

38.    Defendants employed Plaintiff Ulloa as a sous chef.

39.    Plaintiff Ulloa regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.    Plaintiff Ulloa's work duties required neither discretion nor independent judgment.

41.    Throughout his employment with Defendants, Plaintiff Ulloa regularly worked in excess of 40 hours per week.

42.    From approximately August 2012 until on or about August 10, 2018, Plaintiff Ulloa worked from approximately 10:00 a.m. until on or about 10:00 p.m. to 11:00 p.m., Tuesdays through Sundays (typically 72 to 78 hours per week).

43.    Throughout his employment, Defendants paid Plaintiff Ulloa his wages in a combination of check and cash.

44.    From approximately August 2012 until on or about December 2016, Defendants paid Plaintiff Ulloa $16.00 per hour.

45.    From approximately January 2017 until on or about August 10, 2018, Defendants paid Plaintiff Ulloa $18.00 per hour.

46.    Plaintiff Ulloa's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47.    For example, Defendants required Plaintiff Ulloa to work an additional 30 to 45 minutes past his scheduled departure time every day and did not pay him for the additional time he worked.

48.    Similarly, when the restaurant hosted parties once or twice per week, defendants required Plaintiff Ulloa to start working 3 hours prior to his scheduled start time and continue working up to 2 hours past his scheduled departure time, and did not pay him for the additional time they required him to work.

49.    Defendants seldom granted Plaintiff Ulloa uninterrupted breaks or meal periods.

50.    Defendants required Plaintiff Ulloa to sign his weekly time sheets, in order to release his weekly pay. The hours on the cards were correct, but the information regarding the hourly rate was not.

51.    Defendants forced Plaintiff Ulloa to sign a document stating that he was paid overtime, in order to release his W-2 Forms.

52.    Defendants did not provide Plaintiff Ulloa an accurate statement of wages, as required by NYLL 195(3).

53.    In fact, Defendants adjusted Plaintiff Ulloa's paystubs so that they reflected inaccurate wages and hours worked.

54.    Specifically, defendants backed-in Plaintiff Ulloa's weekly pay and falsely misrepresented that they were paying him $13 per hour for the first 40 hours and time and a half for the hours worked over 40.

55.    Defendants did not give any notice to Plaintiff Ulloa, in English and in Spanish (Plaintiff Ulloa's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.    Defendants required Plaintiff Ulloa to purchase "tools of the trade" with his own funds—including five pairs of shoes per year.

*Defendants' General Employment Practices*

57.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ulloa (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

58.    Plaintiff Ulloa was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59.    Defendants habitually required Plaintiff Ulloa to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

60.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61.    Defendants required Plaintiff Ulloa to sign a document stating that he was paid overtime, in order to release his W-2 Forms.

62.    Furthermore, Defendants required Plaintiff Ulloa to sign his time cards, in order to release his weekly pay. The hours on the cards were correct, but the hourly rates were not.

63.    Defendants paid Plaintiff Ulloa his wages in a combination of check and cash.

64.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ulloa (and similarly situated individuals) worked, and to avoid paying Plaintiff Ulloa properly for his full hours worked.

65.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

66.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Ulloa and other similarly situated former workers.

67.    Defendants failed to provide Plaintiff Ulloa and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

68.    Defendants failed to provide Plaintiff Ulloa and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.    Plaintiff Ulloa brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

70.    At all relevant times, Plaintiff Ulloa and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and

one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records as required under the FLSA.

71.     The claims of Plaintiff Ulloa stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72.     Plaintiff Ulloa repeats and realleges all paragraphs above as though fully set forth herein.

73.     At all times relevant to this action, Defendants were Plaintiff Ulloa's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Ulloa (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

74.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

76.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Ulloa (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

77.     Defendants' failure to pay Plaintiff Ulloa (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78.     Plaintiff Ulloa (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

79.     Plaintiff Ulloa repeats and realleges all paragraphs above as though fully set forth herein.

80.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Ulloa overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

81.     Defendants' failure to pay Plaintiff Ulloa overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

82.     Plaintiff Ulloa was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

83.     Plaintiff Ulloa repeats and realleges all paragraphs above as though fully set forth herein.

84.     Defendants failed to pay Plaintiff Ulloa one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ulloa's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

85.     Defendants' failure to pay Plaintiff Ulloa an additional hour's pay for each day Plaintiff Ulloa's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

86.    Plaintiff Ulloa was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

87.    Plaintiff Ulloa repeats and realleges all paragraphs above as though fully set forth herein.

88.    Defendants failed to provide Plaintiff Ulloa with a written notice, in English and in Spanish (Plaintiff Ulloa's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

89.    Defendants are liable to Plaintiff Ulloa in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

90.    Plaintiff Ulloa repeats and realleges all paragraphs above as though fully set forth herein.

91.    With each payment of wages, Defendants failed to provide Plaintiff Ulloa with an accurate statement listing each of the following: the dates of work covered by that payment of

wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92.     Defendants are liable to Plaintiff Ulloa in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

93.      Plaintiff Ulloa repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants required Plaintiff Ulloa to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

95.     Plaintiff Ulloa was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

96.      Plaintiff Ulloa repeats and realleges all paragraphs above as though set forth fully herein.

97.    Defendants did not pay Plaintiff Ulloa on a regular weekly basis, in violation of NYLL §191.

98.    Defendants are liable to Plaintiff Ulloa in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ulloa respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ulloa and the FLSA Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ulloa's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Ulloa and the FLSA Class members;

(e)    Awarding Plaintiff Ulloa and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiff Ulloa and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable

pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ulloa;

(h)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Ulloa;

(i)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Ulloa;

(j)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Ulloa's compensation, hours, wages and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Ulloa;

(l)    Awarding Plaintiff Ulloa damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)    Awarding Plaintiff Ulloa damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiff Ulloa liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)    Awarding Plaintiff Ulloa and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Ulloa and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ulloa demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        August 30, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 22, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jesus Abel Castillo Ulloa

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     22 de Agosto 2018

*Certified as a minority-owned business in the State of New York*