# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

gnaydenskiy@faillacelaw.com

**BY ECF**

Hon. Cathy Seibel
United States District Court
300 Quarropas St
White Plains, NY, 10601

> **Re:**   Ulloa Castillo v. JMR Restaurant Corp. et al.
> **Case No. 7:18-cv-07948**

Dear Judge Seibel:

This office represents Plaintiff in the above referenced matter.  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions.  A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

Under Plaintiff's best case scenario he is entitled to back wages of approximately $13,720, liquidated damages of $13,720 and $5,000 for violations of the NYLL wage statements

Page 2

requirements. Thus, Plaintiffs best case recovery would be approximately $33,730.71 ("Exhibit B")[1]. However, in order to avoid the risks of protracted litigation, the parties have agreed to settle this action for the total sum of $25,000[2].

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual and legal disputes. Defendants answer contends that they are not liable for any violation. Therefore, Plaintiff believes the settlement is reasonable because of the risk of litigation.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $8,333.33 (one-third of the $25,000 settlement) from the settlement as attorneys' fees and costs of $573.00 which represents costs actually incurred by counsel in litigating this action (which includes the filing fee, service of process fees, and costs associated with travel to Westchester for the mediation).

---

[1] In the mediation process, it was discovered that Defendant was in compliance with the law except for violations starting from October 2017 until the end of Plaintiffs employment on or about August 10, 2018.
[2] Additionally, Defendants agreed to waive their rights to collect upon a personal loan given to Plaintiff.

Page 3

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $3,850 in attorneys' fees and $573 in costs[3], making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

> i.    Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C., and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

> ii.    Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $250 per hour is reflected in Exhibit C with my initials "GN."

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding

---

[3] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."

requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

Lastly, the costs and fees requested are in accordance with the Plaintiffs' engagement agreements with counsel, which provided that counsel would receive their reasonable attorneys' fees and be reimbursed for costs incurred.  Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.


Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy


Encls.

# EXHIBIT A

# SETTLEMENT AGREEMENT & RELEASE

This "Settlement Agreement and Release" (the "Agreement") is made between **JMR RESTAURANT CORP. (D/B/A RORY DOLAN'S RESTAURANT & BAR), RORY DOLAN, MARY FE, RUARI P. DOLAN, MICHAEL F. BRENNAN, AND JOSEPH CARTY** (hereinafter collectively referred to as "Releasees", as fully defined in paragraph 2 below) on the one hand, and **JESUS ABEL ULLOA CASTILLO** ("Castillo") (collectively "Releasor"), on the other hand, in order to resolve Releasor's alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law, N.Y.L.L. §§ 190, *et seq.* and §§ 650, and to resolve all other claims, known or unknown, that Releasor may have against Releasees related to the action plaintiffs brought, entitled **JESUS ABEL ULLOA CASTILLO v. JMR RESTAURANT CORP. (D/B/A RORY DOLAN'S RESTAURANT & BAR), RORY DOLAN, MARY FE, RUARI P. DOLAN, MICHAEL F. BRENNAN, AND JOSEPH CARTY, 18 cv 7948 (CS) (the "Court Action"); and**

> **WHEREAS**, the Releasees deny that any act of unlawful conduct occurred; and

> **WHEREAS**, the parties desire to resolve the matter without the need for litigation; and

> **NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and for other valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, it is agreed between Releasor and the Releasees that:

1.    In full and final settlement of all their claims as hereinafter defined in paragraph 4 and the attached limited release attached hereto as Attachment A, Releasor will be paid $25,000 dollars ("Settlement Amount"), as follows:

        (a)    Within thirty (30) days of Court approval of the Agreement, Releasees shall give Releasor one check for $25,000 made payable to "Michael Faillace & Associates, P.C., as attorneys for Plaintiffs."

        (b)    The above payment will be made by mailing the check to Releasor's attorney, Gennadiy Naydenskiy, Esq., of Michael Faillace & Associates, P.C., within thirty (30) days after Court approval of the Agreement and after Releasees' attorney receives the following: (1) the Agreement executed and notarized by Releasor (2) Attachment A executed and notarized by Releasor, (3) an IRS form W9 from Releasor's attorneys.

There will be no withholding for tax purposes from the portion of the Settlement Amount paid under paragraph 1 to Releasor. It is agreed that Michael Faillace & Associates, P.C. will be issued an IRS Form 1099 reflecting these payments. No representations have been made to Releasor by Releasees regarding the taxability of the monies referred to in paragraph 1. Releasor understands that he will be responsible for paying any and all taxes related to the payments received under this Agreement. Michael Faillace & Associates, P.C. understands that it will be responsible for paying its taxes related to the payments under Paragraph 1. Further, if Releasor fails to do so, or any taxing authority alleges that he has failed to do so, Releasor agrees and understands that if it is determined by any federal, state or local taxing authority that any of the payments made to him are taxable wages, Releasor shall be fully responsible for any and all

taxes, as well as any judgment or orders, fines and penalties that may be imposed on Releasees. Releasor further agrees and understands that he will defend and indemnify Releasees in all such proceedings. The taxability of the settlement monies shall not affect the validity of this agreement. Similarly, no representations have been made to Michael Faillace & Associates, P.C. by Releasees regarding the taxability of the monies referred to in paragraph 1(a).

2.      Castillo agrees to execute the release attached hereto as Attachment A and to withdraw with prejudice all his claims in the Court Action by authorizing his attorney to execute and file a Stipulation of Dismissal with Prejudice.

3.      RELEASOR agrees not to seek future employment with the RELEASEES.

4.      RELEASOR covenants and agrees that he will not file a lawsuit or initiate any legal proceedings against RELEASEES for money or other relief in connection with the claims released herein.   RELEASOR further agree that if a class, collective or representative action is or has been brought against the RELEASEES in connection with the claims released herein and he could be a participant in such action because of his employment with any of the RELEASEES, he will not act as a class, collective or representative action representative in any such action, will refrain from opting in, and will not accept any monetary relief from any such action. RELEASOR also agrees that he is not a prevailing party under any law, rule or regulation and cannot, and will not, seek any claim for attorneys' fees or costs related to the any of the released claims.

5. RELEASEES, any and all parent and/or affiliate companies, subsidiaries, divisions, business units, committees, groups, predecessors, successors, assigns, trustees, heirs, administrators, executors, officers, directors, shareholders, employees, legal representatives, and agents of each of them (collectively referred to as "DEFENDANTS' RELEASEES") completely release and forever discharge JESUS ABEL ULLOA CASTILLO, and his heirs, executors, administrators, successors, trustees, and assigns ("PLAINTIFF RELEASORS") from all actions, causes of action, suits, debts, dues, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever in law or equity solely relating to any loans made to PLAINTIFF RELEASORS from DEFENDANTS' RELEASEES which against the PLAINTIFF RELEASORS, DEFENDANTS' RELEASEES may now have or hereinafter can, shall or may have,  from the beginning of the world to the day and date of this Agreement.

6.      RELEASOR agrees he will not in any way disparage RELEASEES or solicit any comments, statements, or the like to the media or to others that may be considered derogatory or detrimental to the good name or business reputation of RELEASEES.

7.      RELEASOR agrees that he fully understands his obligations pursuant to Paragraphs 2, 3, and 6, and that upon any breach of any obligation thereunder, he will be liable to RELEASEES for all monies paid under paragraph 1, and for all costs and expenses incurred by RELEASEES in defending against a suit or enforcing this Agreement, including court costs, expenses and reasonable attorneys' fees. RELEASOR further agrees that any breach of Paragraphs 2, 3, 5, and 6 will also result in separate immediate and irreparable harm to the RELEASEES and, accordingly, the RELEASEES may, upon such breach or threatened breach, also seek an order of the Court for injunctive or equitable relief either to restrain a further breach

or to ameliorate the continuing impact of any prior breach, in addition to the liquidated damages as set forth herein.

8.      RELEASOR agrees that he is barred from seeking to introduce this Agreement into evidence in any federal, state or administrative proceeding, except to prove or enforce its terms.

9.      RELEASOR acknowledges that the RELEASEES do not admit that they have done anything wrong or treated RELEASOR unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any right or obligation that they may owe or may have owed to RELEASOR.

10.     This Agreement will be construed in accordance with the laws of the State of New York, and the parties further agree to submit any dispute over a breach of this Agreement, or arising out of this Agreement, solely to a court of appropriate jurisdiction in Westchester County, New York, without a jury trial.

11.     The RELEASOR warrants that he is fully competent to enter into this Agreement and has been afforded an opportunity to review this Agreement with his counsel, **has had a period of twenty-one days to consider the Agreement**, that he has read and understand this Agreement, and that he has signed this Agreement, knowingly and voluntarily, understanding that among other rights he is waiving herein, he is expressly waiving any claims for unpaid wages under the FLSA and NYLL, for which the employee acknowledges he has received proper consideration. RELEASOR also understands and acknowledges that he has been advised to consult with an attorney regarding this Agreement and has consulted with his counsel, Michael Faillace & Associates, P.C.

12.     This Agreement will not become effective until the eighth day following RELEASOR'S execution of the Agreement (the "Effective Date"), and the RELEASOR may at any time prior to the Effective Date revoke this Agreement by giving notice of revocation in writing James J. Cutro, Esq, The Law Offices of James J. Cutro, PC, 1199 US Hwy 22, Mountainside, NJ 07092 (FAX 908-408-5620), by delivering such notice via the United States Post Office, certified mail, return receipt requested, post-mark dated before the Effective Date.

13.     If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible.

14.     This Agreement is the final and binding agreement among the parties and supersedes all prior agreements.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.** To signify their agreement to the terms of this Agreement the parties have executed this Agreement on the dates set forth under their signatures that appear below. This Agreement can be executed in counterparts, and a facsimile or computer scan of the Agreement is to be deemed as good as an original.

[INTENTIONAL PAGE BREAK-AGREEMENT CONTINUES ON NEXT PAGE]

-3-

## **RELEASOR**

**JESUS ABEL ULLOA CASTILLO**

**IN WITNESS WHEREOF, JESUS ABEL ULLOA CASTILLO** intending to be legally bound, has hereunder set her hand and seal this __ day of _____ 2018.

Signature: *Jesus Abel Ulloa castillo*
Print Name:    **JESUS ABEL ULLOA CASTILLO**

On this _____ day of _____ 2018, before me personally came and appeared **JESUS ABEL ULLOA CASTILLO**, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that he executed the same.

_____
Notary Public

## **RELEASEES**

Signature: _____
By:    RUARI P. DOLAN a/k/a RORY DOLAN on behalf of himself individually and as an authorized representative of **JMR RESTAURANT CORP. (D/B/A RORY DOLAN'S RESTAURANT & BAR)**
Dated: _____ __, 2018

Signature: _____
By:    **MARY FE**
Dated: _____ __, 2018

Signature: _____
By:    **MICHAEL F. BRENNAN**
Dated: _____ __, 2018

Signature: _____
By:    **JOSEPH CARTY**
Dated: _____ __, 2018

**Attachment A – JESUS ABEL ULLOA CASTILLO SPECIFIC RELEASE**

      **JESUS ABEL ULLOA CASTILLO**, and his heirs, executors, administrators, successors, trustees, and assigns ("RELEASORS"), in consideration for the payments set forth in paragraph 1 and for other good and valuable consideration set forth in the Agreement, completely releases and forever discharges **JMR RESTAURANT CORP. (D/B/A RORY DOLAN'S RESTAURANT & BAR), RORY DOLAN, MARY FE, RUARI P. DOLAN, MICHAEL F. BRENNAN, AND JOSEPH CARTY**, and as to all the foregoing business entities and individuals, any and all parent and/or affiliate companies, subsidiaries, divisions, business units, committees, groups, predecessors, successors, assigns, trustees, heirs, administrators, executors, officers, directors, shareholders, employees, legal representatives, and agents of each of them (collectively referred to as "RELEASEES"), from all actions, causes of action, suits, debts, dues, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever in law or equity, which against the RELEASEES, RELEASORS may now have or hereinafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day and date of this Agreement, arising under the New York Labor Law, N.Y.L.L. §§ 190 *et seq.* and §§ 650; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the New York wage hour and wage-payment laws; and/or any other federal, state or local wage-hour, wage-payment rules and/or regulations, constitutions, ordinances, public policy, contract or tort laws relating to any claims for unpaid wages, or any claim arising under the common law relating to any claims for unpaid wages, occurring up to and including the date of the complete execution of this Agreement, including any claim for attorneys' fees or costs that may be available under any law, rule or regulation to a prevailing party.

**IN WITNESS WHEREOF, RELEASOR,** intending to be legally bound, has hereunder set his hand and seal this __ day of _____ 2018.

      Signature:_____

      Print Name:   **JESUS ABEL ULLOA CASTILLO**

On this _____ day of _____ 2018, before me personally came and appeared _____, to me known and known to me to be the individual described in and who executed the foregoing RELEASE and duly acknowledged to me that she executed the same.

                         _____

                               Notary Public

## RELEASOR

**JESUS ABEL ULLOA CASTILLO**

**IN WITNESS WHEREOF, JESUS ABEL ULLOA CASTILLO** intending to be legally bound, has hereunder set her hand and seal this ___ day of _____ 2018.

Signature: _____
Print Name:   **JESUS ABEL ULLOA CASTILLO**

On this ____ day of _____ 2018, before me personally came and appeared **JESUS ABEL ULLOA CASTILLO**, to me known and known to me to be the individual described in and who executed the foregoing SETTLEMENT AGREEMENT and duly acknowledged to me that he executed the same.

_____
Notary Public

## RELEASEES

Signature: _____ *Rory Dolan* _____
By:    RUARI P. DOLAN a/k/a RORY DOLAN on behalf of himself individually and as
       an authorized representative of **JMR RESTAURANT CORP. (D/B/A RORY
       DOLAN'S RESTAURANT & BAR)**
Dated: _____ ___, 2018

Signature: _____
By:    **MARY FE**
Dated: _____ ___, 2018

Signature: _____
By:    **MICHAEL F. BRENNAN**
Dated: _____ ___, 2018

Signature: _____
By:    **JOSEPH CARTY**
Dated: _____ ___, 2018

-4-

# EXHIBIT B

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period | | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wage & OT | Liq. Damages on Wages & OT | Unpaid Spread of Hours (SOH) Pay |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | From | To | | | | | | | | | | | | | |
| Jesus Abel Ulloa Castillo | 10/1/2017 | 12/30/2017 | 13 | 75 | 0 | $ 16.00 | $ 24.00 | $ 8.75 | $ 13.13 | $ 1,480.00 | $ 1,200.00 | $ 280.00 | $ 3,640.00 | $ 3,640.00 | $ - |
| | 12/31/2017 | 8/10/2018 | 32 | 75 | 0 | $ 18.00 | $ 27.00 | $ 9.00 | $ 13.50 | $ 1,665.00 | $ 1,350.00 | $ 315.00 | $ 10,080.00 | $ 10,080.00 | $ - |
| | | | | | | | | | | | | | $ - | $ - | $ - |
| | | | | | | | | | | | | | $ 13,720.00 | $ 13,720.00 | $ - |
| | | | | | | | | | | | | | | | |
| | | | | 1 | This chart is based upon preliminary information and the expected testimony of Plaintiffs. | | | | | | | | | | Filing Date |
| | | | | 2 | Plaintiffs reserve the right to correct or amend this chart. | | | | | | | | | | FLSA |
| | | | | 3 | This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL. | | | | | | | | | | NYLL |
| | | | | | | | | | | | | | | | Amendment |
| | | | | | | | | | | | | | | | Today |

Privileged Settlement Communication                                                                 Subject to  Revision / Correction

| Plaintiff | Pay Period | | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|
| | From | To | | | | | | | |
| Jesus Abel Ulloa Castillo | 10/1/2017 | 12/30/2017 | $          - | $          - | $ 5,000.00 | $ 384.75 | $          - | $ 237.00 | $ 12,901.75 |
| | 12/31/2017 | 8/10/2018 | $          - | $          - | $          - | $ 675.24 | $          - | | $ 20,835.24 |
| | | | $          - | | | $          - | | $          - | |
| | | | $          - | | $ 5,000.00 | $ 1,059.99 | $          - | $ 237.00 | $ 33,736.99 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | 8/31/2018 | | | | | |
| | | | | 10/14/2012 | | | | | |
| | | | | 10/14/2009 | | | | | |
| | | | | 1/17/2019 | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

# EXHIBIT C

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Ulloa                                                                                   January 17, 2019

|  |  |
|---|---|
| File #: | RoryDolan |
| **Attention:** | Inv  #: | 1138 |

**RE:**    Ulloa Castillo et al v. JMR Restaurant Corp. et al 18-cv-7948

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Aug-22-18 | interviewed new client | 0.90 | 405.00 | MF |
| Aug-30-18 | reviewed and corrected complaint | 1.70 | 765.00 | MF |
| Sep-09-18 | reviewed language of complaint and classified it | 0.30 | 135.00 | MF |
| Oct-01-18 | review case file | 0.40 | 100.00 | GN |
| Nov-05-18 | travel to mediation | 1.50 | 375.00 | GN |
|  | mediation | 3.10 | 775.00 | GN |
|  | travel from mediation | 1.50 | 375.00 | GN |
|  | preparation  for mediation/ review case file | 0.60 | 150.00 | GN |
|  |  | 0.00 | 0.00 | GN |
| Nov-19-18 | review Judges rules, email def attorney | 0.10 | 25.00 | GN |
|  | email w/ def attorney | 0.10 | 25.00 | GN |
| Nov-21-18 | review def answer | 0.10 | 25.00 | GN |

Case 7:18-cv-07948-CS    Document 30    Filed 01/17/19    Page 17 of 17

| Nov-26-18 | dicussed case with GN | 0.10 | 45.00 | MF |
|---|---|---|---|---|
|  | email w/ def attorney re: settlement | 0.10 | 25.00 | GN |
|  | conference with MF re: settlement | 0.10 | 25.00 | GN |
| Nov-30-18 | review and edit draft sett agreement | 0.40 | 100.00 | GN |
| Dec-05-18 |  | 0.00 | 0.00 | GN |
|  | review def changes to sett agreement | 0.30 | 75.00 | GN |
| Dec-07-18 | email def attorney | 0.10 | 25.00 | GN |
|  | telephone conference with def attorney re: settlement terms | 0.10 | 25.00 | GN |
| Dec-12-18 | conference with SV re: cl | 0.10 | 25.00 | GN |
| Dec-13-18 | cl meeting re: sett | 0.50 | 125.00 | GN |
| Jan-14-19 | start draft sett fairness motion | 0.50 | 125.00 | GN |
| Jan-15-19 | continue draft and edit of settlement motion | 0.40 | 100.00 | GN |
|  | Totals | 13.00 | $3,850.00 |  |

**DISBURSEMENTS**

|  |  |  |
|---|---|---|
|  | Filing Fee | 400.00 |
| Sep-04-18 | Process Server | 71.00 |
| Nov-05-18 | Travel Fare | 102.00 |
|  | Totals | $573.00 |

| **Total Fee & Disbursements** | **$4,423.00** |
|---|---|
| **Balance Now Due** | **$4,423.00** |